CLAFLIN & CO. *et al. v.* VONDERAU & CO. *et al.*

*Atkinson, J.*—1. The inventory and schedule of property attached to the assignment covering in terms all the property owned by the assignors, containing a specification of all classes of the goods assigned, and designating the locality at which they were to be found, was, in legal contemplation, sufficiently full and complete. At least this inventory and schedule was made substantially in compliance with the terms of the statute.

2. On the merits, there was, in view of the evidence contained in the record, no abuse of discretion in denying the injunction, or in refusing to appoint a permanent receiver.

                                        *Judgment affirmed.*

*Lumpkin, J.,* dissenting as to sufficiency of the inventory and schedule.

June 10, 1895.

Petition for injunction and receiver. Before Judge Hutchins. Clarke county. February 4, 1895.

On December 7, 1894, Vonderau & Co., a firm composed of W. P. Vonderau and A. S. Parker, executed and filed for record an assignment for creditors, to A. W. Vess. On the same day they filed a mortgage on their stock of goods in favor of some of the preferred creditors mentioned in the assignment deed, this mortgage being dated November 28, 1894. Vess accepted the trust delegated in the assignment, on the day it was executed. One month afterwards, the H. B. Claflin Co. and several other creditors brought their petition to set aside the assignment as illegal and void, and as made to hinder, delay and defraud creditors of the assignors; and for injunction and receiver. The pleadings and evidence need not be set forth here. On the hearing the court rendered the following judgment: "Upon considering the allegations made in the petition, the answers of the defendants, the evidence as contained in the documents and affidavits submitted, and the argument of counsel, and being of the opinion that the inventory and schedules attached to the assignment are sufficiently full and complete to put parties interested on notice, and not to be misleading; that the allegations of fraud in making

the assignment and the preferences thereby given, are
not sustained by proof; and that it is to the interest of
creditors that the assignee, who is under good bond for the
faithful performance of his duties, shall proceed with the
execution of his trust:—the application for the appoint-
ment of a permanent receiver and for injunction (except as
hereinafter provided) is refused. The order appointing a
temporary receiver is revoked, and it is ordered that F. W.
Lucas the temporary receiver, restore to the possession of
said assignee, A. W. Vess, all assets of every description
now in his possession or control, and account for and pay to
him all moneys that have come into his hands as such tem-
porary receiver, less what he has expended in his manage-
ment of the business. But in view of the evidence touch-
ing the purchases by the defendants of merchandise from
H. B. Claflin Co., and from C. E. Graham & Co., respect-
ively, it is ordered that said assignee keep separate accounts
of his sales of the bill of goods identified by the affidavit of
H. L. Cook as purchased of H. B. Claflin Co. in the months
of August and September, 1894, and that identified by the
affidavit of W. J. Graham as purchased of C. E. Graham
& Co. during said months, and that he retain and have the
proceeds thereof subject to the order of the court upon the
final order and decree in this case."

To this judgment the plaintiffs excepted.

The assignment recites, that the assignors, doing busi-
ness in dry goods and notions, are in a failing condition or
failing debtors, and cannot continue business and meet
their obligations, owing to their inability to collect what is
due them; that they desire to pay all their indebtedness in
the shortest time possible and with the least risk of loss to
their creditors, and think it proper that preference should
be made; that they are confident, if their assets are prop-
erly disposed of and not sacrificed, all their creditors will
be paid in full, and that it will be to the interest of all the

creditors for the firm to assign their assets to some discreet and proper person who will manage them for the benefit of all interested, rather than have the sheriff take charge and sell. Therefore, in consideration of the premises and of the things to be done hereinafter mentioned, and of $5 cash in hand paid, they grant, convey and assign to Vess and his. assigns all their merchandise, stock in trade, fixtures,. amounts due them on notes, accounts, etc., and all property of every kind belonging to them as a firm. Reference is made to attached schedules of assets and creditors, as full and complete. The assignee is to take the property conveyed in trust to sell and dispose of at public or private sale at his discretion, and to collect all sums due the firm, and to reduce said property to cash as early as practicable consistently with the interest of the creditors, to be judged of by the trustee, and to dispose of the same as follows: 1st. Pay the expenses of procuring such help as he may need, to be determined by him, in selling and disposing of the property and collecting the notes and accounts; also the fees of an attorney if he should need one; also store rent, insurance, and such incidental expenses as are necessary while disposing of the property; also pay himself $100 monthly, until the property is sold out, for his services, and the sum of five per cent. of the collections that pass through his hands after the sales are over; also pay to John J. Strickland $250 for professional services in drawing this deed and other service, and pay the clerk his fee for recording this deed. These debts are first preferred, being in the nature of expenses. 2d. Pay to Lee, Tweedy & Co. the amount of their judgment against Vonderau & Co., the same being about $240. 3d. Pay to the following named persons and firms the amounts stated (naming twenty-four, including W. J. Parker, note, $901.30; M. L. Bickers, two notes, $566.41; W. H. Robertson, $369.12; St. Elmo Lodge, No. 40, K. of P., account, $153.85; the others ranging in amount from $10 to $250, except two notes and ac-

counts in favor of James White, cashier, for $1,178),
all of whom are hereby made preferred creditors after
the sums mentioned in the preceding paragraphs have been
paid in full; the creditors mentioned in this paragraph
not to be preferred one over another, but to be paid
equally.   4th. Pay to all other creditors, without prefer-
ence among themselves, the full amount due each, or such
per cent. thereof as he may have funds to pay, after paying
all the preferred claims as above stated.

In the inventory of assets the stock of goods is set forth
in forty-four items, each with an amount opposite, thus:
190 pcs. dress goods, $2,550.24; 15 pcs. velvets, $300; 125
pcs. silk, $1,125.10; 80 pcs. velvet ribbon, $125.50; 240
pcs. wash goods, $650; linen damask and towels, $285.10;
linen damask and napkins, $375.50; 1 lot white goods, $45;
1 lot swiss and mull, $38.75; 1 lot embroidery, $75.30; 60
pieces jeans, $410.10; 1 lot notions and fancy goods, $210;
1 lot underwear, $250.15; 1 lot notions and fancy goods,
$1,546.15; 1 lot dress trimmings, $585.40; 1 lot notions,
$1,010; 1 lot hosiery, $450.25; 1 lot notions, curtains,
poles, and fixtures, $750.20; 1 lot trunks, $175; etc., etc.
The aggregate of the forty-four items is $16.542.79.   The
list of accounts due to the assignors contains a great many
names with amounts opposite each.   It also contains
twenty-six names each with a pen mark drawn through it,
and of these, twenty-two seem to have had no amount
placed opposite them.   It is explained in defendants'
answer, that the accounts thus indicated were collected be-
fore the assignment was filed.   The inventory and schedule
of indebtedness of the assignors sets forth the names of the
creditors, their places of residence, and the amounts due
each, thus: The H. B. Claflin Co., New York, 12 notes,
$4,180; Lee, Tweedy & Co., N. Y., judgment, $204.22;
The Meridian Curtain Co., N. Y., acc't, $42.75; Nonatic
Silk Co., Cincinnati, acc't, $5.60; C. E. Graham & Co.,
Greenville, S. C., acc't $402.63; O'Farrell & Ash, Athens,

acc't, $12.23; J. A. Scriven Co., New York, $60; Coolis Bros. & Co., N. Y., $34.75; Standard Watch Co., Syracuse, N. Y., $24; etc. In some cases the kind of claim (*i. e.*, whether account or note) is indicated; in others it is not. The schedules were each sworn to separately.

*Lumpkin & Burnett* and *Harrison & Peeples*, for plaintiffs. *John J. Strickland, Erwin & Cobb, Robert S. Howard* and *H. C. Tuck*, for defendants.